IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


| | | |
|---|---|---|
| DARIUS E. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11CV691 |
| | ) | |
| FLORENCE A. BOWENS, RISHINDA A. FOWLER f/k/a RISHINDA A. DAVIS, BRIDGEFIELD MORTGAGE CORPORATION f/k/a RESMAE MORTGAGE CORPORATION, WELLS FARGO BANK, N.A., as trustee for the Lehman ABS Mortgage Loan Trust 2007-1 Mortgage Pass Through Certificates series 2007-1, AURORA LOAN SERVICES, LLC, ROGERS TOWNSEND & THOMAS, P.C., f/k/a KELLAM & PETTIT, P.A., | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

The instant matter comes before the undersigned United States Magistrate Judge for a recommended ruling on Defendants Wells Fargo Bank, N.A. and Aurora Loan Services, LLC's Motion to Dismiss Plaintiff's Amended Complaint (Docket Entry 30); Defendant Bridgefield Mortgage Corporation's Motion to Dismiss Plainitff's [sic] Amended Complaint (Docket Entry 33); Defendant Florence A. Bowens [sic] Motion to Dismiss Plaintiff's Amended Complaint (Docket Entry 37); and Defendant Rogers Townsend & Thomas, P.C., f/k/a Kellam & Pettit, P.A.'s Motion to Dismiss Plaintiff's First Amended Complaint (Docket Entry 40). For the reasons that follow, the Court should deny Bridgefield Mortgage Corporation's Motion to

Dismiss as moot and should grant in part the remaining Motions to Dismiss, in that the Court should dismiss Plaintiff's federal causes of action for failure to state a claim and should exercise its discretion under 28 U.S.C. § 1367(c)(3) to decline to hear Plaintiff's state law claims.

I. BACKGROUND

Plaintiff alleges that, on January 7, 2002, he and his then-wife, Defendant Rishanda A. Fowler f/k/a Rishanda A. Davis ("Fowler"), purchased a single family home in Durham, North Carolina (the "Property"), without financing. (See Docket Entry 26, ¶ 18.) According to Plaintiff, he became incarcerated in July 2004 and remained incarcerated until March 2011. (Id. ¶ 20.) During this period of incarceration, Plaintiff asserts that Fowler, without Plaintiff's knowledge or consent, encumbered the Property with a mortgage loan by executing a promissory note payable to Defendant ResMAE Mortgage Corporation ("ResMAE"), n/k/a Bridgefield Mortgage Corporation ("Bridgefield"), as lender. (Id. ¶ 21.) Plaintiff further alleges that Fowler also executed a Deed of Trust naming ResMAE as lender, again without Plaintiff's knowledge or consent. (Id. ¶ 22.)[1] Defendant Bowens allegedly served as the closing attorney. (Id. ¶ 33.) The Amended Complaint identifies

---

[1] Although certain pages of the Deed of Trust at issue purport to contain Plaintiff's initials and/or signature (Docket Entry 26, ¶¶ 23-25), and Jacqueline Nelson, a notary public, certified by stamp and signature that Fowler and Plaintiff appeared before her (id. ¶ 26), Plaintiff asserts he "was incarcerated in the state of South Carolina on [the date in question] and could not have personally appeared before Ms. Nelson in Durham, North Carolina to execute the Deed of Trust" (id. ¶ 29).

-2-

Defendant Wells Fargo, N.A. ("Wells Fargo") as the "purported" current noteholder with respect to the mortgage, Defendant Aurora Loan Services, LLC ("Aurora") as a mortgage servicer, and Defendant Rogers Townsend & Thomas, P.C. ("Rogers Townsend & Thomas") as legal counsel for Aurora. (Id. ¶¶ 5-7, 38.)

As a result of the foregoing events, Plaintiff's Amended Complaint purports to state claims for: (1) "Fraud" (id. ¶¶ 45-62); (2) "Facilitation of Fraud" (id. ¶¶ 63-67); (3) "Unfair and Deceptive Trade Practices, N.C. Gen. Stat. 75-1.1(a)" (id. ¶¶ 68-74); (4) "Violations of the Fair Debt Collection Practices Act ("FDCPA") 15 USC § 1692" (id. ¶¶ 75-95); (5) "Negligence" (id. ¶¶ 96-100); (6) "Negligent Supervision" (id. ¶¶ 101-08); (7) "Slander of Title" (id. ¶¶ 109-20); (8) "Violations of RESPA [Real Estate Settlement Procedures Act] 12 U.S.C. 2601 et seq." (id. ¶¶ 121-25); and (9) "Quiet Title" (id. ¶¶ 126-32). Wells Fargo, Aurora, Bowens, and Rogers Townsend & Thomas, through three separately filed Motions to Dismiss (Docket Entries 30, 37, 40), contend that Plaintiff's Amended Complaint fails to state a claim so as to warrant dismissal under Fed. R. Civ. P. 12(b)(6). (See Docket Entry 31 at 2; Docket Entry 38 at 2; Docket Entry 41 at 2.)[2]

---

[2] Bridgefield filed a Motion to Dismiss based on an order entered by the United States Bankruptcy Court for the District of Delaware. (See Docket Entry 34 at 1.) Plaintiff subsequently filed a Notice of Voluntary Dismissal Without Prejudice as to Bridgefield pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). (Docket Entry 52.) Consistent with that filing, the Docket in this action reflects the termination of Bridgefield as a Party and the Court thus should deny Bridgefield's Motion to Dismiss (Docket Entry 33) as moot, but without prejudice to the re-filing of said Motion should Plaintiff seek to reinstate a claim based on these facts
(continued...)

Despite moving for and receiving an extension of time to respond to the Motions to Dismiss filed by Bowens and Rogers Townsend & Thomas (see Docket Entries 42, 44), Plaintiff has responded only to Wells Fargo and Aurora's Motion to Dismiss. (See Docket Entries 45, 46; Docket Entries dated Jan. 6, 2012, to present.)

## II. DISCUSSION

A plaintiff fails to state a claim when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the

---

[2](...continued)
against Bridgefield. In addition, on March 6, 2012, the Clerk issued a Notice to Plaintiff regarding his apparent noncompliance with the requirement of Fed. R. Civ. P. 4(m) to obtain timely service of process on Fowler, which warned that a failure to respond within 14 days could result in dismissal without prejudice of all claims against Fowler. (Docket Entry 48.) Plaintiff has not responded. (See Docket Entries dated Mar. 6, 2012, to present.) The Court thus should dismiss all claims against Fowler without prejudice.

-4-

elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[3]

A. Federal Claims

Because the Court's jurisdiction in this action rests on Plaintiff's federal claims under the FDCPA and RESPA (see Docket Entry 26, ¶ 15), the undersigned addresses those matters first.

   *i. Violations of the FDCPA*

Plaintiff brings his FDCPA claim only against Wells Fargo, Aurora, and Rogers Townsend & Thomas. (See id. ¶¶ 52, 75-95.) To succeed on his FDCPA claim, Plaintiff must allege: "(1) he was the object of collection activity arising from a consumer debt as defined by the FDCPA, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant engaged in an act or omission prohibited by the FDCPA." Johnson v. BAC Home Loans Servicing, LP, No. 5:10-CV-303-F, 2011 WL 4544013, at *6 (E.D.N.C. Sept. 29, 2011) (unpublished) (citing Dikun v. Streich, 369 F. Supp. 2d 781, 784-85 (E.D. Va. 2005)).

Wells Fargo and Aurora contend that they do not qualify as debt collectors under the FDCPA and, accordingly, Plaintiff's claims against them fail. (See Docket Entry 31 at 5-6.) Specifically, Wells Fargo and Aurora note that the FDCPA exempts creditors, defined as:

---

[3] "[D]etermining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion . . . requires the reviewing court to draw on its judicial experience and common sense." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

-5-

> [A]ny person who offers or extends credit creating a debt or to whom the debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

(Id. (quoting 15 U.S.C. § 1692a(4)).) Plaintiff responds that "Wells Fargo and Aurora did not extend credit to Plaintiff in any way and are therefore not creditors." (Docket Entry 46 at 6.)

"[C]reditors . . . and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA." Ruggia v. Washington Mut., 719 F. Supp. 2d 642, 647-48 (E.D. Va. 2010), aff'd, 442 Fed. App'x 816 (4th Cir. 2011) (per curiam) (internal quotation marks omitted). Whether Wells Fargo and Aurora extended credit specifically to Plaintiff would not alter this conclusion, as the FDCPA "specifically refers to those who collect debts 'owed or due or asserted to be owed or due another.'" Wilson v. Draper & Goldberg, P.L.L.C., 443 F.3d 373, 379 n.2 (4th Cir. 2006) (quoting 15 U.S.C. § 1692a(6)) (emphasis added). Accordingly, it matters not whether Plaintiff owed a debt to Wells Fargo or Aurora, but only whether Wells Fargo and Aurora sought to collect on a debt owed to a third party. As nothing in Plaintiff's Amended Complaint supports such a conclusion (see Docket Entry 26), the Court should dismiss Plaintiff's claim under the FDCPA as to Wells Fargo and Aurora.

With respect to Rogers Townsend & Thomas, as an initial matter, Plaintiff's failure to respond to Rogers Townsend & Thomas' Motion to Dismiss generally warrants the granting of the requested relief of dismissal. See M.D.N.C. LR7.3(k). No reason exists to

depart from that general rule in regards to Plaintiff's cause of action under the FDCPA against Rogers Townsend & Thomas because the Amended Complaint does not include adequate factual allegations to support such a claim. First, Plaintiff frames all allegations in terms of actions taken by the "Debt Collector Defendants" without distinguishing between Wells Fargo, Aurora, or Rogers Townsend & Thomas. (See Docket Entry 26, ¶¶ 75-95.) This approach renders this claim legally deficient. See, e.g., Bryant v. Wells Fargo Bank, Nat'l Ass'n, ___ F. Supp. 2d ___, ___, 2012 WL 928435, at *12 (E.D.N.C. 2012) (observing that "Plaintiffs' pleading of their RESPA claims against 'Defendants' generally . . . makes it difficult to ascertain what specific provision of RESPA the [] [d]efendants are alleged to have violated" in contravention of notice requirements under Fed. R. Civ. P. 8(a)); Bentley v. Bank of Am., N.A., 773 F. Supp. 2d 1367, 1374-75 (S.D. Fla. 2011) (dismissing claim "for improperly lumping together [the defendants] such that [the defendants] do not have fair notice of the precise nature of the violation that is claimed against them"); Melgrito v. CitiMortgage Inc., No. C11-01765LB, 2011 WL 2197534, at *6 (N.D. Cal. June 6, 2011) (unpublished) ("Under Rule 8(a), grouping multiple defendants together in a broad allegation is insufficient to provide the defendants with fair notice . . . .").

Moreover, the allegations set forth as to this claim lack sufficient factual content to state a plausible claim. For example, Plaintiff alleges:

> In or about 2010 the Debt Collector Defendants carelessly, recklessly, negligently or intentionally

-7-

> utilized and caused to be filed or utilized false, deceptive, misleading, and perjured affidavits in connection with the collections of debts in violation of 15 USC 1692(e) [sic].

(Docket Entry 26, ¶ 78.)[4]  However, the Amended Complaint does not identify or describe any such affidavits or the place of such filing other than to state generally:

> All Defendants have conducted business in this State by filing fabricated, illegal and unenforceable Deeds of Trust, affidavits as to loan ownership of said Deed of Trust, status of accounts, mortgages and assignments of mortgages and/or other court documents.

(Id. ¶ 13.)

Similarly, Plaintiff alleges that:

> The Debt Collector Defendants have, on multiple occasions, carelessly, recklessly, negligently or intentionally notified numerous third parties that Plaintiff owed a debt to them when in fact and knowingly no valid debt was owed to the Defendants, all in violation of 15 USC 1692(b)(2) [sic].

(Id. ¶ 80.)  However, Plaintiff again fails to support this bare allegation with any factual matter.  (See id. ¶¶ 17-44, 75-95.)

The Amended Complaint contains a litany of similar allegations within his claim for violations of the FDCPA (see id. ¶¶ 75-95), yet the factual contentions set forth in the Amended Complaint address only the circumstances surrounding the execution of the promissory note and the Deed of Trust by Fowler (see id. ¶¶ 18-32), accompanied by conclusory allegations, such as that "[a]ll Defendants knew or had reason to know that due to Plaintiff's incarceration any signature on the Deed of Trust purporting to be

---

[4] The Amended Complaint cites 15 U.S.C. §§ 1692(a), 1692(b), etc., when it appears Plaintiff intends to refer to 15 U.S.C. §§ 1692a, 1692b, etc.

-8-

Plaintiff's was necessarily a forgery" (id. ¶ 42); that "each Defendant could plainly see the clear and obvious differences in Plaintiff's alleged signatures upon the pages" (id.); and that "[a]ll Defendants financially benefitted from the false execution of the Deed of Trust in Plaintiff's name, and pursued debt collection practices despite knowledge of the instrument's invalidity" (id. ¶ 43).

Moreover, specific references to Rogers Townsend & Thomas appear only in the following paragraphs:

> 7. Defendant Rogers Townsend and Thomas, P.C., f/k/a Kellam and Pettit, P.A., is a "debt collector" as defined by 15 U.S.C. § 1692 et seq., and a law firm with its principal place of business at 2550 West Tyvola Road, Suite 520, Charlotte, North Carolina 28217, doing business in Durham County, North Carolina.
>
> . . .
>
> 38. Among the entities involved in the foregoing attempts at communication with Plaintiff [i.e., notices of default and demands for payment] were Aurora Loan Services, LLC, a purported loan servicer/attorney-in-fact for Defendant Wells Fargo, Kellam & Pettit, P.A., purported Substitute Trustee under the Deed of Trust, and Rogers Townsend & Thomas, PC, f/k/a Kellam & Pettit, P.A., attorneys for Aurora Loan Services, LLC.
>
> . . .
>
> 52. Defendant Wells Fargo, Defendant Aurora Loan Services, LLC and Defendant Rogers, Townsend and Thomas, PC, f/k/a Kellam & Pettit, P.A., (collectively referred to as the "Debt Collector Defendants") knew or should have known that Plaintiff's incarceration prevented his participation in the execution of the Deed of Trust.
>
> . . .
>
> 125. Plaintiffs [sic] have previously made written demands to Defendants U.S. Bank, National Default Corporation, Kellam & Pettit and Rogers Townshend [sic] & Thomas, P.C. to show evidence of standing to claim a

-9-

debt and Defendants have directly refused to evidence such standing.

(See id. ¶¶ 7, 38, 52, 125.)

On these facts, Plaintiff has neither provided factual assertions adequate to support an FDCPA claim against Rogers Townsend & Thomas nor stated allegations with sufficient clarity to provide Rogers Townsend & Thomas fair notice. Accordingly, the Court should dismiss Plaintiff's claim under the FDCPA against Rogers Townsend & Thomas.[5]

*ii. Violations of RESPA*

The Amended Complaint does not specifically identify the Defendants against whom Plaintiff asserts his claim for violations of RESPA, but said claim appears directed at Wells Fargo, Aurora, and Rogers Townsend & Thomas. (See id. ¶¶ 121-25.)[6] Plaintiff

---

[5] Rogers Townsend & Thomas also argues that Plaintiff does not qualify as a "consumer" under the FDCPA because Plaintiff denies any obligation to pay the debt at issue. (See Docket Entry 41 at 8-9.) This argument is unpersuasive. Section 1692a(3) defines a consumer as "any natural person obligated or allegedly obligated to pay any debt." The Amended Complaint sufficiently identifies Plaintiff as a natural person with an alleged obligation to pay a debt and this satisfies the "consumer" element of an FDCPA claim. See, e.g., Bridge v. Ocwen Fed. Bank, FSB, 681 F.3d 355, 361-363 (6th Cir. 2012) ("Throughout the FDCPA coverage is based upon actual or merely alleged debt. . . . A defendant may not retroactively change the status of the plaintiff it has pursued as an alleged debtor. To hold otherwise would defy the clear congressional mandate we are charged with upholding."); Dunham v. Portfolio Recovery Assocs., LLC, 663 F.3d 997, 1002 (8th Cir. 2011) ("[T]he district court erred in concluding that the plain language of § 1692a(3)'s 'consumer' definition does not apply to [the plaintiff] because a debt collector mistakenly alleged that he owed a debt.").

[6] Regardless, along with Wells Fargo, Aurora, and Rogers Townsend & Thomas (Docket Entry 31 at 7-9; Docket Entry 41 at 12-13), Bowens moves for dismissal of any RESPA claim against her
(continued...)

alleges in conclusory fashion that he did not receive timely notice of appointments, assignments or transfers of the mortgage in violation of RESPA. (Id. ¶ 123.) He also complains of a failure to timely provide the required notification of any change of servicers, again without factual allegations. (Id. ¶ 124.) Finally, Plaintiff asserts without any detail that he "previously made written demands to Defendants U.S. Bank, National Default Corporation, Kellam & Pettit and Rogers Townshend [sic] & Thomas, P.C. to show evidence of standing to claim a debt and Defendants have directly refused to evidence such standard." (Id. ¶ 125.)

Plaintiff has not specified which provisions of RESPA give rise to his claims. (See id. ¶¶ 121-25.) However, "RESPA creates a private right of action for only three types of wrongful acts: (1) payment of a kickback and unearned fees for real estate settlement services, 12 U.S.C. § 2607(a), (b); (2) requiring a buyer to use a title insurer selected by the seller, 12 U.S.C. § 2608(b); and (3) the failure by a loan servicer to give proper notice of a transfer of servicing rights or to respond to a qualified written request [('QWR')] for information about a loan, 12 U.S.C. § 2605(f)." Das v. WMC Mortg. Corp., No. 10-CV-00650-LHK, 2012 WL 1657111, at *7 (N.D. Cal. May 10, 2012) (unpublished)

---

[6](...continued)
(Docket Entry 38 at 5 ("First, it is noted that the claim for relief cannot relate to Defendant Bowens. However, since the Amended Complaint references all 'Defendants,' Defendant Bowens will address this issue.")). Moreover, Plaintiff's failure to respond to the Motions to Dismiss by Bowens and Rogers Townsend & Thomas generally warrants granting the relief they request. See M.D.N.C. LR7.3(k).

(citation and internal quotation marks omitted). The Amended Complaint makes no allegations regarding either a kickback or title insurance. (See Docket Entry 26.)

With respect to notice obligations, Plaintiff argues in his Response Brief: "Under §3500.2, when a federally related mortgage loan is assigned, sold or transferred, the transferor must provide a disclosure at least 15 days before the effective date of the transfer. A transfer of servicing notice from the transferee must be provided not more than 15 days after the effective date of the transfer." (Docket Entry 46 at 7.) The section Plaintiff cites appears to refer to 24 C.F.R. § 3500.2, which sets out definitions within a body of regulations related to RESPA and does not address notice requirements. Another provision of those regulations – 24 C.F.R. § 3500.21(d) – does address certain notice requirements, but only with respect to a change in <u>servicers</u>. Said regulation thus mirrors RESPA, which provides that "[e]ach <u>servicer</u> of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the <u>servicing</u> of the loan to any other person," 12 U.S.C. § 2605(b) (emphasis added), and that "[e]ach transferee <u>servicer</u> . . . shall notify the borrower of any such assignment sale or transfer," 12 U.S.C. § 2605(c) (emphasis added).[7]

Plaintiff's Amended Complaint does not allege, much less offer factual matter regarding, any such <u>servicing</u> transfer. (See Docket

---

[7] The Amended Complaint does not (and plausibly could not) identify Bowens as a loan servicer subject to any such notice requirements. (See Docket Entry 26.)

-12-

Entry 26.)  Moreover, Plaintiff's Response only argues that the Amended Complaint contains factual assertions that warrant an inference regarding the transfer of the noteholder. (See Docket Entry 46 at 7-8 ("Since Defendant Wells Fargo admits that it is the alleged noteholder and Defendant RESMAE was the admitted original lender, it stands that an assignment or transfer must have been purportedly made from the Lender to the original noteholder. Notice of that assignment or transfer was not given to Plaintiff, in violation of the act.").)  Further, the Amended Complaint does not allege actual damages due to any lack of notice of any change in servicers, but instead offers only a general allegation of harm from all combined actions of all Defendants. (See Docket Entry 26, ¶¶ 44, 121-25.)  RESPA claims require more. See, e.g., Frazile v. EMC Mortg. Corp., 382 Fed. App'x 833, 836 (11th Cir. 2010) (affirming dismissal of RESPA claim for "fail[ing] to allege facts relevant to the necessary element of damages caused by assignment [of loan servicing]" in light of 12 U.S.C. 2605(f)); Allen v. United Fin. Mortg. Corp., 600 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009) ("[A] number of courts have read [Section 2605(f)] as requiring a showing of pecuniary damages in order to state a claim. . . .  This pleading requirement has the effect of limiting the cause of action to circumstances in which plaintiffs can show that a failure of notice has caused them actual harm.").  The Amended Complaint thus fails to allege factual matter sufficient to state a RESPA claim under Section 2605(b) or (c).

To the extent Plaintiff attempts to assert a claim under Section 2605(e) based on an alleged failure to respond to a QWR, the Court notes that the Amended Complaint references demands made only to one Defendant in this case, Rogers Townsend & Thomas, as the other entities Plaintiff identifies as objects of his communications, "U.S. Bank" and "National Default Corporation" (see Docket Entry 26, ¶ 125), are not Parties to this action. Moreover, the Amended Complaint lacks factual assertions sufficient to show that, as to the QWR response requirement, Plaintiff has "a claim to relief that is plausible on its face," Iqbal, 556 U.S. at 678. In this regard, the Amended Complaint asserts only:

> Plaintiffs [sic] have previously made written demands to Defendants U.S. Bank, National Default Corporation, Kellam & Pettit and Rogers Townshend [sic] & Thomas, P.C. to show evidence of standing to claim a debt and Defendants have directly refused to evidence such standing.

(Docket Entry 26, ¶ 125.)

"For correspondence to qualify as a QWR, it must contain a statement that explains 'the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provide[] sufficient detail to the servicer regarding other information sought by the borrower.'" Banh v. Aurora Loan Servs., LLC, No. CV 11-06365 PSG, 2012 WL 2202982, at *3 (N.D. Cal. Jun. 14, 2012) (unpublished) (quoting 12 U.S.C. § 2605(e)(1)(A)). Plaintiff has included no factual matter showing that his alleged written demands met those standards. (See Docket Entry 26.) Other courts have dismissed RESPA claims where, as here, "[t]he Amended Complaint does not attach the QWR or otherwise allege its date, its

-14-

contents or subject matter, or any other pertinent information
. . . ." <u>Williams v. Wells Fargo Bank, N.A.</u>, No. C10-5880BHS, 2012
WL 72727, at *7 (W.D. Wash. Jan. 10, 2012) (unpublished).

Even if the Amended Complaint did adequately allege that
Plaintiff made a QWR, it fails to set forth factual matter showing
that he suffered actual damages from any alleged non-response by
any Defendant. (<u>See</u> Docket Entry 26.) Plaintiff's RESPA claim
fails as a matter of law for that reason as well. <u>See</u> <u>Williams</u>,
2012 WL 72727, at *7 (dismissing RESPA claim in part because the
plaintiffs failed "to plead facts demonstrating the actual damages
that [the plaintiffs] incurred as a result of [the defendants']
alleged failure to respond"); <u>Bishop v. Quicken Loans, Inc.</u>, No.
2:09-01076, 2010 WL 3522128, at *6 (S.D.W. Va. Sept. 8, 2010)
(unpublished) ("Although plaintiffs allege that they 'have suffered
financial loss, annoyance and inconvenience,' plaintiffs do not
allege how [the defendant's] failure to comply with RESPA caused
them harm."); <u>Singh v. Washington Mut. Bank</u>, No. C-09-2771-MMC,
2009 WL 2588885, at *5 (N.D. Cal. Aug. 19, 2009) (unpublished)
(dismissing RESPA claim because "plaintiffs have failed to allege
any facts in support of the conclusory allegation that as a result
of defendants' failure to respond, defendants are liable for actual
damages, costs, and attorneys fees" (internal quotation marks
omitted)).

Under these circumstances, the Court should conclude
Plaintiff's RESPA claim falls short under the <u>Iqbal</u> standard.

-15-

B. <u>State Law Claims</u>

Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, "the district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. . . . [I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 726 (1966). In light of the recommended dismissal of the federal claims at this early stage in the litigation, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims and, instead, should dismiss those claims without prejudice.

### III. <u>CONCLUSION</u>

Plaintiff's Amended Complaint fails to state a claim under the FDCPA or RESPA. Because the remainder of Plaintiff's claims arise under state law, and diversity of citizenship does not exist in this action, the Court should exercise its discretion under 28

U.S.C. § 1367 to dismiss the remainder of Plaintiff's claims without prejudice.

**IT IS THEREFORE RECOMMENDED** that Defendants Wells Fargo Bank, N.A. and Aurora Loan Services, LLC's Motion to Dismiss Plaintiff's Amended Complaint (Docket Entry 30); Defendant Florence A. Bowens [sic] Motion to Dismiss Plaintiff's Amended Complaint (Docket Entry 37); and Defendant Rogers Townsend & Thomas, P.C., f/k/a Kellam & Pettit, P.A.'s Motion to Dismiss Plaintiff's First Amended Complaint (Docket Entry 40) be granted in part in that this Court should dismiss Plaintiff's federal claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and should exercise its discretion under 28 U.S.C. § 1367(c)(3) to dismiss Plaintiff's state law claims without prejudice.

**IT IS FURTHER RECOMMENDED** that Defendant Bridgefield Mortgage Corporation's Motion to Dismiss Plainitff's [sic] Amended Complaint (Docket Entry 33) be denied as moot, but without prejudice to the re-filing of said Motion should Plaintiff reinstate a claim against Bridgefield Mortgage Corporation based on the facts alleged in the Amended Complaint.

**IT IS FURTHER RECOMMENDED** that all claims against Defendant Fowler be dismissed without prejudice under Fed. R. Civ. P. 4(m).

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

July 23, 2012

-17-

Case 1:11-cv-00691-JAB-LPA   Document 55   Filed 07/23/12   Page 17 of 17