IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DARIUS E. DAVIS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FLORENCE A. BOWENS; RISHANDA )<br>A. FOWLER f/k/a RISHANDA A. DAVIS; )<br>BRIDGEFIELD MORTGAGE )<br>CORPORATION f/k/a RESMAE )<br>MORTGAGE CORPORATION; )<br>WELLS FARGO BANK, N.A., as trustee for )<br>the Lehman ABS Mortgage Loan Trust 2007-1 )<br>Mortgage Pass Through Certificates )<br>series 2007-1; AURORA LOAN )<br>SERVICES, LLC; ROGERS TOWNSEND )<br>& THOMAS, P.C. f/k/a KELLAM & )<br>PETTIT, P.A., )<br>)<br>Defendants. ) | 1:11CV691 |

ORDER

This matter is before the Court on a Recommendation of the United States Magistrate Judge recommending that the Motions to Dismiss Plaintiff's Amended Complaint filed by Defendants Wells Fargo Bank, N.A. and Aurora Loan Services, LLC [Doc. #30], Defendant Florence A. Bowens [Doc. #37], and Defendant Rogers Townsend & Thomas, P.C. f/k/a Kellam & Pettit, P.A. [Doc. #40] be granted in part. Specifically, the Magistrate Judge recommends that the Court dismiss Plaintiff's federal claims alleging violations of the Fair Debt Collection Practices Act and the Real Estate Settlement Procedures Act for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and decline, in its discretion, to exercise supplemental jurisdiction over all remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3),

thereby dismissing such state law claims without prejudice. In addition, the Magistrate Judge recommends that the Motion to Dismiss Plaintiff's Amended Complaint [Doc. #33] filed by Defendant Bridgefield Mortgage Corporation f/k/a Resmae Mortgage Corporation ("Bridgefield Mortgage Corporation") be denied as moot,[1] but without prejudice to Bridgefield Mortgage Corporation refiling its Motion should Plaintiff reinstate a claim against Bridgefield Mortgage Corporation based on the facts alleged in the Amended Complaint. Finally, the United States Magistrate Judge recommends that all claims against Defendant Rishanda A. Fowler f/k/a Rishanda A. Davis be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

The Recommendation was filed on July 23, 2012, and notice was served on the parties pursuant to 28 U.S.C. § 636(b). On August 29, 2012, Plaintiff filed timely Objections to the Recommendation. The Court has now reviewed de novo the Objections and the portions of the Recommendation to which objection was made, and finds that the Objections do not change the substance of the United States Magistrate Judge's ruling.[2] The Magistrate Judge's

---

[1] As noted in the Recommendation, after Bridgefield Mortgage Corporation filed its Motion to Dismiss [Doc. #33] in this case, based on an Order entered by the United States Bankruptcy Court for the District of Delaware, Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice [Doc. #52] as to Bridgefield Mortgage Corporation. The Docket in this case reflects the termination of Bridgefield Mortgage Corporation as a Defendant.

[2] The Court notes that Plaintiff, in his Objections, asks the Court, at a minimum, to retain jurisdiction over the state law claims based on Plaintiff's contention that he may face dismissal of some claims in state court due to the expiration of the applicable statutes of limitations. However, Plaintiff's statute of limitations concern fails to account for the tolling provision found in 28 U.S.C. § 1367(d). Section 1367(d) states that "[t]he period of limitations for any claim asserted under subsection (a) . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d). This provision was specifically designed to prevent the limitations period

2

Recommendation [Doc. #55] is therefore affirmed and adopted.

IT IS THEREFORE ORDERED that Defendants Wells Fargo Bank, N.A. and Aurora Loan Services, LLC's Motion to Dismiss Plaintiff's Amended Complaint [Doc. #30], Defendant Florence A. Bowens' Motion to Dismiss Plaintiff's Amended Complaint [Doc. #37], and Defendant Rogers Townsend & Thomas, P.C. f/k/a Kellam & Pettit, P.A.'s Motion to Dismiss Plaintiff's First Amended Complaint [Doc. #40] are hereby GRANTED IN PART, as set forth herein. Specifically, IT IS ORDERED that Plaintiff's federal claims alleging violations of the Fair Debt Collection Practices Act and the Real Estate Settlement Procedures Act are hereby DISMISSED. Furthermore, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over all remaining state law claims, and, therefore, IT IS ORDERED that Plaintiff's state law claims are hereby DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Defendant Bridgefield Mortgage Corporation f/k/a Resmae Mortgage Corporation's Motion to Dismiss Plaintiff's Amended Complaint [Doc. #33] is hereby DENIED AS MOOT, WITHOUT PREJUDICE to Bridgefield Mortgage Corporation refiling its Motion should Plaintiff reinstate a claim against Bridgefield Mortgage Corporation based on the facts alleged in the Amended Complaint.

FINALLY, IT IS ORDERED that, pursuant to Federal Rule of Civil Procedure 4(m), all claims against Defendant Rishanda A. Fowler f/k/a Rishanda A. Davis are hereby

---

on certain supplemental claims, over which the district court declines to exercise jurisdiction, "from expiring while the plaintiff was fruitlessly pursuing them in federal court." Jinks v. Richmond County, 538 U.S. 456, 459-60, 123 S. Ct. 1667, 1669-70, 155 L. Ed. 2d 631 (2003). In light of this tolling provision, the Court finds no reason to disturb the Magistrate Judge's Recommendation based on Plaintiff's statute of limitations argument.

3

DISMISSED WITHOUT PREJUDICE.  A Judgment will be entered contemporaneously herewith.

This, the 25th day of September, 2012.

/s/ James A. Beaty
United States District Judge